EXHIBIT 2





**DISTRICT COURT**
**FILED**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MAR **2 9** 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ERICA SHOOK, DAVID SHOOK, as individuals and also as parents and next friends of minors L.S. and D.S., Plaintiffs
v.
GLEUE HARVESTING, LLC a/k/a and/or d/b/a GLEUE HARVESTING a/k/a and/or d/b/a GLEUE a/k/a and/or d/b/a GLEUE TRUCKING, LLC a/k/a and/or d/b/a GLEUE TRUCKING a/k/a and/or d/b/a GLEUE FARMS, LLC a/k/a and/or d/b/a GLEUE FARMS a/k/a and/or d/b/a GLEUE FARMS & CATTLE LLC a/k/a and/or d/b/a R&H GLEUE INC., KERRI RENEE GLEUE a/k/a KERRI R. GLEUE a/k/a KERRI GLEUE, FREDERIK HENDRIK BOUWER a/k/a FREDERIK H. BOUWER a/k/a FREDERIK BOUWER a/k/a FRED BOUWER, JOHN DOE, a business entity, and JANE DOE, an individual, Defendants

Case No. CJ-2022 **CJ-2022-00934**
The Honorable
Civil Docket   **Caroline Wall**

**PETITION**



1. Above is a true and correct image of Plaintiff's vehicle after the collision.
2. Defendant GLEUE HARVESTING, LLC a/k/a and/or d/b/a GLEUE HARVESTING a/k/a and/or d/b/a GLEUE a/k/a and/or d/b/a GLEUE TRUCKING, LLC a/k/a and/or d/b/a GLEUE TRUCKING a/k/a and/or d/b/a

1

GLEUE FARMS, LLC a/k/a and/or d/b/a GLEUE FARMS a/k/a and/or d/b/a GLEUE FARMS & CATTLE LLC a/k/a and/or d/b/a R&H GLEUE INC. (Hereinafter "GLEUE") was at all material times upon information and belief a for-profit business engaging in regular interstate commerce and/or business including but not limited to in the State of Oklahoma.[1]

3. Defendant GLEUE is a trucking company.

4. Defendant KERRI RENEE GLEUE a/k/a KERRI R. GLEUE a/k/a KERRI GLEUE (Hereinafter "KRG") was at all material times upon information and belief engaging in regular commerce and/or business in the State of Oklahoma.

5. At the time of this collision, the semi-truck and/or trailer being driven by Defendant Bauwer was approximately 66,000 pounds.

6. Defendants GLEUE, KRG, John Doe and/or Jane Doe was/were the owner of the semi-truck and/or trailer being operated by semi-truck driver Defendant Bouwer at the time of this collision.

7. This motor vehicle collision occurred in Kansas near the Oklahoma border on about 10/09/2021.

8. Defendant GLEUE was registered with the State of Oklahoma at the time of this collision.

9. Defendant GLEUE had a BOC-3 agent and/or representative in Oklahoma on the date of this collision.

10. "BOC" stands for blanket of coverage.

11. The BOC-3 agent and/or representative for Defendant GLEUE was Ms. Lizbeth Hinshaw Kurtz on the date of this collision.

12. Defendant GLEUE chose to make this BOC-3 federal filing assigning an agent for the business entity.

13. Defendant GLEUE is a business entity is authorized to conduct business in Oklahoma.

14. The address for Ms. Kurtz was 2130 Bonnycastle Yukon Oklahoma 73099.

15. Defendant GLEUE admits publicly via Facebook postings, including but not limited to posting in 2021, that "Oklahoma has been keeping us busy!".

16. Defendant GLEUE drives routinely through Oklahoma, has significant, substantial, and regular contacts with and in Oklahoma.

17. Defendant GLEUE makes a significant amount of money from business done in Oklahoma.

18. Defendants have continuous and systematic business contacts with Oklahoma.

19. Defendant GLEUE consented to proper service in Oklahoma.

20. Due process is proper in Oklahoma concerning this matter.

21. This jurisdiction is convenient for Defendants.

22. Plaintiffs sought treatment for various injuries in Oklahoma.

23. Many witnesses and medical providers reside in Oklahoma.

24. This court has proper in personam jurisdiction concerning all parties here.

---

[1] Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant's actions and/or inactions in Oklahoma. Defendant Jane Doe, an individual, is a person residing in Okla. whose identity is unknown at this time but may be revealed through the course of discovery.

25. The great majority of Plaintiffs' medical providers are in and/or around Tulsa County, Oklahoma.
26. Defendants caused a highway collision with a semi-truck and Plaintiff's vehicle.
27. Defendants' semi-truck and/or trailer collided into the side Plaintiff's vehicle.
28. At the time of this collision, Plaintiff's vehicle was properly within its lane.
29. Defendants' semi-truck collided into Plaintiff's vehicle in Plaintiff's lane.
30. Plaintiff's vehicle had the right of way at the time of the collision.
31. Defendants failed to yield.
32. Defendant Bauwer while driving the semi-truck improperly tried to pass Plaintiffs vehicle on the left.
33. Exhibit 1 to this petition is an accurate diagram.
34. This collision occurred in a no-passing zone.
35. Defendant Bauwer improperly drove left of center.
36. Defendant's semi-truck crossed left of the centerline.
37. At the location of this collision the centerline had two (2) solid yellow lines.
38. Two (2) solid yellow lines on the road mean no crossing.
39. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.
40. Defendant Bauwer followed Plaintiff's vehicle too closely.
41. Defendant Bauwer was issued citation, number 41906.
42. Defendant Bauwer violated 8-1523.
43. Defendant Bauwer violated the rule of the road stated in Exhibit 2 to this Petition.
44. The road at the collision scene was straight and level.
45. Defendants improperly changed lanes.
46. Defendants drove into Plaintiff's lane and caused this collision.
47. Defendants changed lanes unsafely.
48. Defendants drove at a speed to fast for traffic and/or road conditions.
49. Defendants' semi-truck and/or trailer did not leave skid marks before impact/collision.
50. Defendants' semi-truck and/or trailer struck the driver's side of Plaintiff's vehicle.
51. This collision directly caused and/or forced Plaintiff's vehicle off of the roadway.
52. At the time of this collision, Defendant Bauwer was driving a 2006 Peterbilt semi-truck.
53. At the time of this collision the odometer on Defendant's semi-truck stated 542,632.
54. Responders arrived at this injury scene.
55. This collision caused entrapment.
56. Defendants were transporting an oversized equipment/load and/or a wide load.
57. Defendants violated the rules of the road regarding the transport of oversized equipment/load and/or a wide load.
58. Plaintiffs reported injuries at the scene.
59. Plaintiffs suffered serious injuries directly from this collision.
60. At the time of the collision Defendant Bauwer was working for and/or within the scope of employment for Defendant GLEUE.
61. Defendant GLEUE's DOT number is 3637856.
62. The semi-truck Defendant Bouwer was driving at the time of the collision was

3

owned, maintained and/or controlled by Defendant GLEUE.

63. This Court has jurisdiction for this matter.
64. Plaintiffs properly filed this Petition.
65. This Court has proper venue for this matter.
66. Plaintiffs timely filed this Petition.
67. Defendant Bauwer did not yield to Plaintiff's right of way.
68. A tow truck removed Plaintiff's vehicle from the scene due to collision damages.
69. This collision damaged Plaintiff's vehicle.
70. This collision totaled Plaintiff's vehicle.
71. Defendants caused at least tens of thousands of dollars of property damages.
72. This collision damaged Defendant's vehicle.
73. At the time of the collision it was daylight.
74. There were no obstructions to Defendant's vision directly before and/or during the collision.
75. At the time of the collision the collision scene road surface was dry.
76. There were no adverse weather condition at the collision scene.
77. Defendants were the unsafe cause of this collision.
78. Defendants were the unlawful cause of this collision.
79. A driver must obey a traffic rules.
80. No driver shall move their vehicle from one lane to another unless the way is clear to do so and upon proper signaling.
81. A driver shall drive with reasonable care.
82. A driver shall have due regard for traffic, surface and width of the road and other conditions then existing on the road.
83. Defendants directly caused injuries to Plaintiffs.
84. Defendants directly caused damages to Plaintiffs.
85. Plaintiffs made no improper action.
86. The vehicle being driven by Plaintiff Mr. David Shook made no improper action.
87. Defendants' improper actions and/or omissions directly caused this collision.
88. Defendant Bauwer did not pay attention.
89. A driver must pay attention while driving.
90. Defendant Bauwer drove inattentively.
91. Defendant Bauwer had the responsibility to drive as a reasonably prudent driver on the date and time of this collision.
92. Defendants had the responsibility to follow the rules of the road.
93. Defendants violated the rules of the road.
94. Defendant Bauwer drove recklessly.
95. Defendants were negligent.
96. Defendant Bauwer drove carelessly.
97. Defendants are liable.
98. Defendants are accountable.
99. Defendants are responsible.
100. Defendants breached their duties owed to Plaintiffs.
101. Defendants violated their responsibilities.
102. To date Defendants have not paid any compensation, money, or anything similar to Plaintiffs for injuries.

103.    Defendants violated the law.

104.    A vehicle owner must allow only qualified drivers access to and/or permission to drive their vehicle.

105.    A vehicle owner must only allow competent, non-reckless, trained and/or attentive drivers access to and/or permission to drive their vehicle.

106.    According to the National Safety Council there are approximately 12 million collisions annually in the United States.

107.    Approximately 3 million collisions annually in the U.S. involve injuries.

108.    This equates to about one collision causing injury every eleven seconds.

109.    Defendants should pay full compensation to Plaintiffs.

110.    On the date and time of the collision, Defendant Bouwer was working for GLEUE, KRG, John Doe and/or Jane Doe.

111.    On the date and time of the collision, Defendant Bouwer was on the clock for GLEUE, KRG, John Doe and/or Jane Doe.

112.    On the date and time of the collision, Defendant Bouwer was an employee, servant, and/or agent for GLEUE, KRG, John Doe and/or Jane Doe.

113.    On the date and time of the collision, Defendant Bouwer was acting in the course and scope of employment and/or with permission for Defendant GLEUE, KRG, John Doe and/or Jane Doe.

114.    Defendant GLEUE, KRG, John Doe and/or Jane Doe is/are liable for any improper action and/or omission done by Defendant Bouwer during the operation of the vehicle.

115.    On the date and time of the collision Defendant Bouwer was an authorized driver of Defendant GLEUE, KRG, John Doe and/or Jane Doe.

116.    Defendant GLEUE, KRG, John Doe and/or Jane Doe negligently and/or improperly hired, retained, supervised, educated, entrusted, and/or trained etc. Defendant Bouwer.

117.    Defendant Bouwer was in a joint venture and/or in a dual capacity with Defendant GLEUE, KRG, John Doe and/or Jane Doe at the time of the collision.

118.    Defendant GLEUE, KRG, John Doe and/or Jane Doe is/are liable for negligence, recklessness, and/or carelessness directly and for the actions and/or omissions of its employee and/or agent Defendant Bouwer.

119.    A business must educate its drivers to drive safely.

120.    A business must train its drivers to drive safely.

121.    A business must hire competent, safe, and attentive drivers.

122.    A business must supervise its employees, servants and/or agents to prevent dangerous behavior and protect us all.

123.    A driver must not text and/or utilize a cell phone and drive.

124.    Defendant GLEUE, KRG, John Doe and/or Jane Doe is per Oklahoma law, including but not limited to 47 O.S. Sec. 230.30, liable for negligence, recklessness and/or carelessness of its drivers including but not limited to Defendant Bouwer.

125.    Defendants GLEUE, KRG, John Doe and/or Jane Doe are vicariously liable and/or responsible for the actions and/or inactions of Defendant Bouwer.

126.    Defendant GLEUE, KRG, John Doe and/or Jane Doe and their employees and/or agents had the responsibility to follow the safety rules on the date and time of this collision.

127.    Defendant GLEUE, KRG, John Doe and/or Jane Doe violated Defendant(s) responsibilities on the date and time of the collision.

128.    Defendant Bouwer while driving the semi-truck improperly and unsafely drove and collided into Plaintiff's vehicle.

129.    At the time of the collision Plaintiff's vehicle was properly driving.

130.    A driver must not drive distracted.

131.    Defendant Bouwer made an unsafe action and/or omission with the semi-truck and/or trailer.

132.    Defendant Bouwer made an unlawful action and/or omission with the semi-truck and/or trailer.

133.    Defendant Bouwer made an improper action and/or omission with the semi-truck and/or trailer.

134.    Defendants were negligent *per se* and/or liable per *res ipsa loquitur* due to the violations and/or broken laws which directly caused injuries and damages to Plaintiff.

135.    Plaintiff L.S. is a minor.

136.    Plaintiff D.S. is a minor.

137.    Defendant Bouwer is liable.

138.    Defendant Bouwer is responsible.

139.    Defendant Bouwer is accountable.

140.    Defendant KRG is liable.

141.    Defendant KRG is responsible.

142.    Defendant KRG is accountable.

143.    Defendant GLEUE is liable.

144.    Defendant GLEUE is responsible.

145.    Defendant GLEUE is accountable.

146.    As a direct result of the actions and/or omissions of Defendants, Plaintiffs were injured and suffered damages.

147.    Defendant Bouwer directly caused injuries and damages to Plaintiffs.

148.    Defendant Bouwer breached duties owed to Plaintiffs.

149.    Defendant GLEUE, KRG, John Doe and/or Jane Doe breached duties owed to Plaintiffs.

150.    Defendant GLEUE, KRG, John Doe and/or Jane Doe directly caused injuries and damages to Plaintiffs.

WHEREFORE, Plaintiffs pray for justice and judgment against Defendants in an amount in excess of $75,000, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, punitive damages, and that this Court would deter wrongful conduct, promote safety, and grant any other relief which this Court deems just and proper. ATTORNEY FEE CLAIMED; JURY TRIAL DEMANDED; ATTORNEY LIEN CLAIMED; PRE & POST-JUDGMENT INTEREST.

Respectfully submitted,

John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, P.L.L.C.
2921 E. 91st St. South, Suite 100
Tulsa OK 74137
(918) 392-5444
Fax: (918) 856-3676
john@truskettlaw.com

| Crash Diagram 850A page 2 | SPECIAL EVENT | SPECIAL DATA | Local Case No. 210531 | Page of 2 / 6 |

| 02 ON | ROADWAY NUMBER OF LANES | 02 | 01 AT | 01 ON | ROAD CHARACTER | 01 | 00 AT | SPECIAL JURISDICTION |

ROADWAY NUMBER OF LANES
01 One
02 Two
03 Three
04 Four to Six
05 Seven or more
88 Other: ___
99 Unknown

ROAD CHARACTER
01 Straight & Level
02 Straight on grade/slope
03 Straight on hillcrest
04 Curved & level
05 Curved on grade/slope
06 Curved on hillcrest
88 Other: ___
99 Unknown

SPECIAL JURISDICTION
00 Normal Jurisdiction (Not Special)
01 National Park Service
02 Military
03 Indian Reservation
04 College / University Campus
05 Other Federal property
88 Other: ___
99 Unknown

A basic diagram is required for all state reportable crashes showing movements, direction, and positions of all traffic units in relationship to the trafficway. Identify (label) the street(s) and traffic unit(s) along with the area of impact (AOI) where possible. Refer to vehicles and pedestrians by unique numbers assigned in this report.

Indicate North Direction

**Draw scene as observed or recreate per statements and evidence available**

N

NOT TO SCALE

V2

Legend
A- 8'
B- 29'
C- 40'
D- 20'
E- 37'

Reference Point
D

24'

48"

V1

POI

U400 HWY

Vehicle 1 moved prior to arrival

22'

Wallace Rd

EXHIBIT
tables

**8-1523. Following another vehicle too closely.** (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

(b) The driver of any truck or motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district and which is following another truck or motor vehicle drawing another vehicle shall leave sufficient space, whenever conditions permit, so that an overtaking vehicle may enter and occupy such space without danger, except that this shall not prevent a truck or motor vehicle drawing another vehicle from overtaking and passing any vehicle or combination of vehicles.

(c) Motor vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade, whether or not towing other vehicles, shall be so operated as to allow sufficient space between each such vehicle or combination of vehicles so as to enable any other vehicle to enter and occupy such space without danger. This provision shall not apply to funeral processions.

**History:** L. 1974, ch. 33, § 8-1523; July 1.

**Source or Prior Law:**
8-543.

